**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 26-cv-02123-NYW

GOCHA OKUJAVA,

      Petitioner,

v.

JUAN BALTASAR, in his official capacity,
GEORGE VALDEZ, in his official capacity,
DAVID VENTURELLA, in his official capacity,[1]
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (the "Petition"). [Doc. 6]. Respondents have responded to the Petition, [Doc. 10], and Petitioner has replied, [Doc. 11]. For the following reasons, the Petition is **GRANTED in part**.

**BACKGROUND**

Petitioner Gocha Okujava ("Petitioner" or "Mr. Okujava") is a citizen of Georgia who has been present in the United States since 2023. [Doc. 6 at ¶¶ 9, 15]. When he entered the United States, he "was briefly detained, later released into the United States, and served with a Notice to Appear charging him as inadmissible under INA § 212(a)(6)(A)(i)." [*Id.* at ¶ 15]. During his release, Petitioner obtained valid employment authorization,

_____

[1] Pursuant to Fed. R. Civ. P. 25(d), David Venturella is automatically substituted in as Respondents as the current office holder.

maintained employment, paid taxes, and maintained strong community ties.  [*Id.* at ¶ 16].

At a routine traffic stop on May 6, 2026, Mr. Okujava was detained by ICE officers and is currently held at the Denver Contract Detention Facility.  [*Id.* at ¶¶ 9, 17].  He has not been given a bond hearing and has not been subject to any determination of flight risk or danger to the community.  [*Id.* at ¶ 17].

In this habeas case, Petitioner asserts two claims for relief:  (1) a claim alleging a violation of the Immigration and Nationality Act ("INA") based on his detention without a bond hearing ("Claim One"), [*id.* at ¶¶ 31–36]; and (2) a due process claim based on the revocation of his release without notice or an individualized determination ("Claim Two"), [*id.* at ¶¶ 37–47].  He asks this Court to enter an order immediately releasing him from custody.  [*Id.* at ¶¶ 48–58].  Alternatively, he asks this Court to order Respondents to provide him a bond hearing at which the Government bears the burden to justify his detention.  [*Id.* at ¶¶ 59–60].

This matter is fully briefed and ripe for disposition.  No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the

writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

This case turns on whether Petitioner is detained under § 1226(a), as he asserts, *see* [Doc. 6 at ¶¶ 32–26], or under § 1225(b)(2), as Respondents argue, [Doc. 10 at 2–3]. The Court summarizes the applicable statutory framework before turning to the Parties' arguments.

## I.    Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to

[noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297.  This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien *shall* be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(A) (emphasis added).[2]  Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.    Application to Petitioner's Case

Petitioner argues that he is detained under § 1226(a) and is eligible for a bond hearing, such that his detention without a bond hearing violates the INA. [Doc. 6 at ¶¶ 31–36].  Respondents disagree, arguing that Petitioner is "subject to mandatory detention under § 1225(b)" because he entered the United States "without having been admitted"

---

[2] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum." *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution"). Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 10], so the Court does not substantively address detention under this subsection.

and is thus an "applicant for admission" under the statute.   [Doc. 10 at 2–3].   But Respondents concede that the issue presented in this case "is not materially different from [the] issue this Court has resolved" in prior rulings and acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision."  [*Id.* at 2, 4].

Indeed, this Court has already rejected Respondents' position.  *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[3]  In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for many years before he was detained by ICE.  *See id.* at *1.  Like Petitioner here, the Government asserted that the petitioner was not entitled to a bond hearing because § 1225 mandated his detention.  *See id*.  The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country.  *Id.*

---

[3] In addition to this Court's ruling in *Loa Caballero*, nearly all of the judges in this District have concluded that § 1225(b) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission."  *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025) (Jackson, J.); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148 (D. Colo. 2026) (Martínez, J.).  *But see Singh v. Baltazar*, 26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026) (Domenico, C.J.).

at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 781 (E.D. Mich. 2025)). Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous. *Id.* at *7. The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225. *See id.* at *5–8. The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases. *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Accordingly, consistent with the Court's prior rulings and the weight of authority in this District and across the country, the Court concludes that § 1225(b)(2) does not authorize Petitioner's detention. The "default rule" of discretionary detention under § 1226(a) therefore applies. *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7. Mr. Okujava's continued detention without a bond hearing violates the INA, and the Court will grant the Petition as to Claim One.

**III.    Appropriate Remedy**

Mr. Okujava asks the Court to order that he be released immediately, which he says is the "most appropriate remedy in a case like this." [Doc. 6 at ¶ 50]. He also argues that "[i]n multiple cases nationwide, immigration judges have failed to conduct neutral,

individualized bond hearings or to apply the burden of proof as directed by habeas courts," and "district courts are increasingly identifying a systemic and troubling pattern in which such hearings are fundamentally flawed, at times reflecting predetermined outcomes rather than a meaningful evaluation of the evidence." [*Id.* at ¶ 53].

The Court acknowledges and understands Petitioner's concerns. However, because § 1226(a) "does not require release—it provides DHS the discretion to grant" release on bond, *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025), this Court finds it most appropriate to order Respondents to provide Petitioner with the statutorily required bond hearing.

Mr. Okujava argues that, at the bond hearing, the Government should bear the burden of justifying his continued detention by clear and convincing evidence. [Doc. 6 at ¶ 59]. Respondents do not address this argument at all or indicate that they oppose this request. [Doc. 10]. Any argument in opposition has therefore been waived.

Following the weight of authority in this District, the Court has previously required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025); *Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g.*, *Garcia Abanil*, 817 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear:  it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case). The Court also concurs

with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Mr. Okujava a bond hearing no later than **June 18, 2026**. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **June 25, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1)   The First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 6] is **GRANTED in part**;

(2)   Respondents shall provide Petitioner a bond hearing no later than **June 18, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(3)   On or before **June 25, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no

hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  June 11, 2026                                BY THE COURT:

                                                            _____
                                                            Nina Y. Wang
                                                            United States District Judge